# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| CURTIS SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA, D.O.C., M.S.P., DR. ELIZABETH RANTZ, TRISTAN KOHUT, D.O., WARDEN MIKE MAHONEY, BLAIR HOPKINS, SOP PROGRAM DIRECTOR,<br><br>　　　　Defendants. | Cause No. CV-10-00052-H-DWM-RKS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

On December 1, 2010, Plaintiff Curtis Sullivan filed a Motion to Proceed in Forma Pauperis (Court Doc. 1), a copy of an Order revoking his suspended sentence in Lewis and Clark County and an undated, incomprehensible grievance. Out of an abundance of caution these documents were construed as a civil complaint filed pursuant to 42 U.S.C. § 1983. On December 2, 2010, after conducting the initial prescreening process mandated by 28 U.S.C. § 1915 and 28 U.S.C. §

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00052-H-DWM-RKS / PAGE 1

1915A, the Court found that Mr. Sullivan had failed to state a claim upon which relief could be granted and his complaint was subject to dismissal pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Therefore, Mr. Sullivan could not be granted forma pauperis status unless he was in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Sullivan was given an opportunity to file an amended complaint and to show cause why his motion to proceed in forma pauperis should not be denied under the three-strikes provision of 28 U.S.C. § 1915(g). He was specifically advised that if he failed to timely comply with every provision of the Court's Order, his case could be dismissed. *See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)* (a district court may dismiss an action for failure to comply with any order of the Court).

Since the Court's December 2, 2010 Order, Mr. Sullivan has filed what have been construed as three supplements to the Complaint (Court Docs. 4, 5, and 7). These filings are random and incoherent. There are two copies of a March 21, 2010 letter from Mr. Sullivan's

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00052-H-DWM-RKS / PAGE 2

mother to Warden Mahoney, incomplete medical reports from 2008 and 2009, a document defining hypokalemia, a health information request to release records, and various documents prepared by Mr. Sullivan in which he incoherently discusses both his conviction and his medical treatment.

Mr. Sullivan was provided a form for filing an amended complaint. In the Court's prior Order, Mr. Sullivan was warned that he was required to use the form and if he failed to use the form the Court might strike the amended complaint and recommend the dismissal of this action.  Mr. Sullivan did not use the Court's amended complaint form, he did not clarify the nature of his claims, and he did not demonstrate that he is in imminent danger of serious physical injury.

Accordingly, for these reasons and those set forth in the Court's Order of December 2, 2010, the Court will recommend the denial of the motion to proceed in forma pauperis and the dismissal of the Complaint for failure to state a claim.

## Motion to Change Venue

Mr. Sullivan also filed a document which states, "I see that there

is a conflict of intrest [sic].  1.  My very life depends on truth, justice, constitutional, civil, human rights.  I ask the Court before or after my final exit change of venue to another state for justice.  9th Circuit [sic] Court of Appeals."  (Court Doc. 6).

The Court construed this filing as a motion to change venue.  28 U.S.C. § 1404 governs motions to transfer venue and provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Mr. Sullivan has not provided any basis upon which to demonstrate a transfer of venue would be in the interest of justice.  Although he alludes to a "conflict of interest", he does not define any such conflict.  In addition, the Court is recommending the motion to proceed in forma pauperis be denied and this matter dismissed for failure to state a claim.  As such, the motion to change venue will be denied.

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in

>
> the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. *See* Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge,* 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Any appeal of this matter would be frivolous given Mr. Sullivan's failure to state a claim and his failure to demonstrate why he should

not be subject to the three-strikes provision of 28 U.S.C. § 1915(g). Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based on the foregoing, the Court issues the following:

## ORDER

Mr. Sullivan's Motion to Change Venue (Court Doc. 6) is denied

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Sullivan's Motion to proceed in forma pauperis should be denied pursuant to 28 U.S.C. § 1915(g) and the Complaint dismissed with prejudice for failure to state a claim. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Mr. Sullivan may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under [Fed.R.Civ.P. 6(d)](). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. [*Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)]().

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to [Fed.R.App.P. 4(a)](), should not be

filed until entry of the District Court's final judgment.

DATED this 14th day of January, 2011.

      /s/ Keith Strong
Keith Strong
United States Magistrate Judge